# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS KEITH WILLIAMS,<br><br>         Petitioner,<br><br>     v.<br><br>JUDGE CRAIG MITCHELL, et al.,<br><br>         Respondents. | No. CV 10-2302-RGK(CW)<br><br>ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>(28 U.S.C. § 2254) |

The petition is dismissed without prejudice.[1]

**BACKGROUND**

When this action was filed the pro se petitioner was in the custody of the Los Angeles County Sheriff at the Men's Central Jail in Los Angeles. The petition, dated March 1, 2010, was lodged on March 9, 2010, and filed on March 30, 2010. [Petition, Docket no. 1.] In the petition, Petitioner asserts some five purported grounds for relief, stated, in full, as follows:

---

[1] This action seems to substantially duplicate another action filed in this court, Williams v. Baca, No. CV 10-1523-RGK(CW), which was dismissed without prejudice in a judgment entered March 31, 2010.

(1) "BA 201812-02 / 07 CV 1165 [CW] FMC. They said I wasn't eligible for proposition 36 any more because of the above case."
(2) "07-CV 1165 [CW] FMC. Docket 28/29 modify booking number mixup using to enhance my sentence."
(3) "Probation violation, Proposition 36, Registration Crenshaw Expo Us. Plea bargain denied my seroquel mental medication, receive very little physical health help."
(4) "Arrested date 10-07008. Legal mail obstruction CV-75. Proposition 36 / in M43. I file a petition in [identity] theft. I was rearrested 11-05-08 receive a 90 days plus prior 14 on 10-21-08."
(5) "Custody credits in Penal Code 4019. Today I have 190 days, actual time plus prior custody credits I didn't receive. Probation said I was doing 80% meaning violent. I do not have a violent."

[Petition at 5-6.] Whatever Petitioner is trying to say, none of these "grounds" intelligibly articulate a claim cognizable on federal habeas review. It also appears, from the face of the petition, that Petitioner has not exhausted state court remedies as required under 28 U.S.C. § 2254(b),(c). [Petition at 3-4.]

In a letter (dated March 30, 2010), a notice of reference (docket no. 2, filed March 30, 2010), and a minute order (docket no. 4, filed April 1, 2010) the court notified Petitioner that he was required, under Local Rule 41-6, to keep the court informed of his current address, and that his action would be subject to dismissal should he fail to do so. April 7, 2010, all documents sent to Petitioner by the court have been returned in the mail as undeliverable. [Docket nos. 5-6.] One such document was returned with an indication that

Petitioner had been released. [Docket no. 5.] The inmate locator service of the Los Angeles County Sheriff's Department website (http://lasd.org/) indicates, as of April 23, 2010, that Petitioner was released from custody on March 4, 2010. Petitioner has not otherwise communicated with the court, and the court has no other address for him.

### DISCUSSION

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(district court may dismiss action for failure to comply with any court order).

In particular, this court may dismiss an action when a pro se litigant fails to keep the court informed of a current address, pursuant local rule:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Rule 41-6, Local Civil Rules (C.D. Cal.).

In the present action, Petitioner has failed to keep the court informed of his current address, and, as a result, mail sent to the Petitioner by the court has been returned as undeliverable.  The first such document returned was mailed on March 30, 2010, with a constructive service date of April 2, 2010.  Fifteen days thereafter was Saturday, April 17, 2010, and the first court day thereafter was April 19, 2010.  The time allowed under Rule 41-6 has expired, and Petitioner has not notified the court of a new address.[2]

**ORDERS**

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is dismissed, without, prejudice for failure to prosecute, and judgment shall be entered accordingly.

DATE: April 28, 2010

_____
R. GARY KLAUSNER
United States District Judge

Presented by:

Dated:  April 23, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[2] The petition also appears to be subject to dismissal for failure to state a cognizable claim, failure to exhaust state court remedies, naming improper respondents, and, possibly, as moot. Ordinarily Petitioner would be given a chance to respond before dismissal on such grounds, but this would be futile here.

4